UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DIABATE AMADOU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>V.A. DEPARTMENT,<br><br>　　　　Defendant. | Civil No. 08-4677 (MJD/AJB)<br><br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to Fed. R. Civ. P. 41(b).

　　　　Plaintiff alleges that he was married to a Military Veteran. After she died, Plaintiff apparently applied to the United States Department of Veterans Affairs, ("VA"), for some type of survivorship benefits. The VA, however, apparently denied Plaintiff's application for benefits. As far as the Court can tell, Plaintiff is now requesting a judgment that would compel the VA to grant his application for benefits, and pay him the benefits he is seeking.

　　　　This Court previously reviewed Plaintiff's original complaint, (Docket No. 1), and found it to be flawed in several respects. The Court entered an order, (Docket No. 3), which pointed out the deficiencies in Plaintiff's original complaint, and granted him leave to file an amended complaint. The order set forth certain specific pleading requirements

that Plaintiff would have to satisfy if he chose to amend, including the following:

> "Plaintiff must comply with the basic pleading rules prescribed by Fed. R. Civ. P. 8-11.  In particular, he must ensure that the historical facts and legal principles on which his claims are based are fully explained, <u>in complete sentences, each consisting of a separate numbered paragraph</u>.  If Plaintiff attempts to re-plead, his new complaint will have to <u>explicitly identify a valid basis for federal subject matter jurisdiction</u>.  Plaintiff will also have to show why, <u>specifically</u>, this action should not be summarily dismissed based on the doctrine of sovereign immunity and/or the Veterans' Judicial Review Act."  (Emphasis in the original.)

The prior order also advised Plaintiff that this action would be subject to summary dismissal pursuant to Fed. R. Civ. P. 41(b), unless he filed an amended complaint that met all of the specified pleading requirements.

Plaintiff subsequently did file an amended complaint.  (Docket 5.)  However, it is readily apparent that Plaintiff has <u>not</u> satisfied the pleading requirements set forth in the Court's prior order.  In fact, it appears that Plaintiff has made no effort to satisfy <u>any</u> of those requirements.

The Court initially notes that Plaintiff has not tried to satisfy even the simple and elemental requirement of pleading his factual allegations "in complete sentences, each consisting of a separate numbered paragraph."  As a result, Plaintiff's amended complaint, like his original pleading, is nearly incomprehensible.  Plaintiff also has made no effort to show the existence of federal subject matter jurisdiction in this case, as specifically required by the prior order.

Most importantly, however, Plaintiff has made no effort to explain why this action is not barred by the Veterans' Judicial Review Act.  As the Court pointed out in the prior order, the Veterans' Judicial Review Act provides a means of resolving VA benefit disputes, which appears to preclude judicial review of such disputes in the federal district courts.  <u>See</u>

Carlisle v. United States, 66 Fed.Cl. 627, 633 (Fed.Cl. 2005) ("[t]he Veterans' Judicial Review Act... provides that the exclusive remedy for the denial of veteran's benefits is to appeal to the Court of Veterans Appeals"); Hicks v. Veterans Admin., 961 F.2d 1367, 1369 (8th Cir. 1992) ("The Court of Veterans Appeals has 'exclusive jurisdiction' to review the decisions of the Board of Veterans' Appeals. 38 U.S.C. § 7252(a). Appeal from the Court of Veterans Appeals may be taken to the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292.") See also 38 U.S.C. § 511; Mehrkens v. Blank, Civil No. 05-1384 (RHK/JSM), (D.Minn. 2007), 2007 WL 2247576 at *3.  Thus, the Court's prior order explicitly required Plaintiff to show, in his amended complaint, why this action is not barred by the Veterans' Judicial Review Act.  Yet Plaintiff has made no effort to meet that requirement, and he has offered no reason to think that our District Court could properly exercise jurisdiction over his current claims for relief.

Again, the prior order expressly informed Plaintiff that if he did not file an amended complaint that met the pleading requirements prescribed therein, the Court would recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b). It is now evident that Plaintiff has not complied with the prior order, as he has not made even a good faith effort to satisfy the pleading directives set forth in that order.  Therefore, the Court will now recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED;

and

2. This action be summarily dismissed without prejudice.

Dated: February 19, 2009

                                                    s/ Arthur J. Boylan
                                                    ARTHUR J. BOYLAN
                                                    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 5, 2009.